```
                 UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       Alexandria Division


ROGER A. HALE, et al.,           )
                                 )
         Plaintiffs,             )
                                 )
    v.                           )  Civil Action No. 1:08cv209
                                 )
ANTHEM HEALTH PLANS OF           )
VIRGINIA, INC., d/b/a            )
ANTHEM BLUE CROSS AND BLUE       )
SHIELD, et al.,                  )
                                 )
         Defendants.             )
```

MEMORANDUM OPINION

THIS MATTER came before the Court, without the need for oral argument, on the Motion by plaintiffs for Leave to File an Amended Complaint (# 17).

UPON REVIEW of plaintiffs' Motion, plaintiffs' Memorandum and Reply Brief submitted in support of the Motion, as well as defendant's Opposition and Surreply, the Court makes the following findings.

The alleged oral and later written representations by defendant's representatives that the services M.E.H. received were being treated as "in-network" may have given plaintiffs false information or assurances as to what they would be responsible for paying — to their detriment.  Moreover, plaintiffs apparently did not investigate whether there was a participating provider with whom they could have arranged

services for M.E.H. because of defendant's assurances — to plaintiffs' detriment.

Defendant's arguments in opposition to the Motion focus in part on Plan language limiting its obligation to pay Pediatrix-Obstetrix Medical Group ("Pediatrix"), a "non-participating provider."  In this way, defendant focuses on the relationship between itself and the health care provider.  The focus of the Complaint, however, is on the relationship between defendant, as the Plan administrator, and plaintiffs, as the Plan beneficiaries.

It is alleged that defendant gave specific assurances that services would be treated as "in-network," but then defendant limited payment to Pediatrix to the applicable "allowable charge," which was substantially less than the cost of the services rendered.  The net effect, as alleged, is that plaintiffs did not, in fact, receive the benefit of "in-network" coverage.  If plaintiffs had received "in-network" coverage, they would have owed nothing to the provider.

Defendant's other arguments focus on legal bars to waiver and estoppel claims.  On the facts of the case presented thus far, it is not clear to the Court that the claims plaintiffs seek to add to their Complaint would be futile as a matter of law.

Therefore, promissory estoppel, equitable estoppel, and waiver are issues that may be added to plaintiffs' Complaint.

Federal Rule of Civil Procedure 15(a) commits the decision to grant leave to amend to the sound discretion of this Court. Under the Rule, "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Leave to amend should be denied, therefore, 'only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" <u>Nolte v. Capital One Financial Corp.</u>, 390 F.3d 311, 317 (4th Cir. 2004)(quoting <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 242 (4th Cir. 1999) and <u>Johnson v. Oroweat Foods Co.</u>, 785 F.2d 503, 509 (4th Cir. 1986)).

    THEREFORE, because the Court finds no bad faith, prejudice, or futility in the Motion, plaintiffs' Motion for Leave to File an Amended Complaint is GRANTED.

    An appropriate Order shall issue.

    ENTERED this 5th day of June, 2008.

                                                                       /s/
                                      THERESA CARROLL BUCHANAN
                                      UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia